[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10219
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-00084-WS-C-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JANICE FORD GREEN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 11, 2014)

Before ED CARNES, Chief Judge, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Janice Ford Green appeals her 78-month sentence, imposed after a jury convicted her of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) and acquitted her of twelve other charges.  She contends that her sentence is procedurally and substantively unreasonable.  She also contends that the district court's use of acquitted conduct in calculating her advisory guidelines range violated her Sixth Amendment rights.

I.

Green contends that the district court procedurally erred by cross-referencing the aggravated assault guideline in U.S.S.G. § 2A2.2(a) and applying the official victim adjustment in U.S.S.G. § 3A1.2(c)(1).  We need not decide whether the district court procedurally erred because the district court stated that it would have imposed the same 78-month sentence using its authority under 18 U.S.C. § 3553(a) even if it had incorrectly calculated Green's advisory guidelines range.  See United States v. Keene, 470 F.3d 1347, 1349–50 (11th Cir. 2006).  Instead, we determine whether Green's sentence was substantively reasonable.  To do so, we "assume that there was a guidelines error — that the guidelines issue should have been decided in the way the defendant argued and the advisory range reduced accordingly — and then ask whether the final sentence resulting from consideration of the § 3553(a) factors would still be reasonable."  Id. at 1349.

2

If the district court had sustained Green's objections to the aggravated assault cross reference and the official victim adjustment, her advisory guidelines range would have been 18 to 24 months, instead of 63 to 78 months. The question then is whether the 78-month sentence the court imposed is substantively reasonable, assuming exactly the same conduct and other factors in the case, but using an advisory guidelines range of 18 to 24 months. We will not vacate a sentence as substantively unreasonable unless we are left with the definite and firm conviction that the district court clearly erred in weighing the § 3553(a) factors and imposed a sentence outside the range of reasonable sentences dictated by the facts of the case. United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

Before imposing Green's sentence, the district court properly considered the § 3553(a) factors. It specifically discussed the seriousness of Green's offense, considering the fact that Green did not just possess a firearm, but also fired it and knew or had reason to know that someone could have been seriously injured as a result. The court stated that it had "a lot of information" about Green's personal history and characteristics, especially because it had sentenced her once before for another felony conviction. The court noted that Green's criminal history showed "a life of crime, a life of deception starting back at age 18 and continuing almost every year until the present date" when Green was 46 years old. The court observed that Green's prior felony involved fraud against the United States where

3

the intended loss was $300,000, and that, during her supervised release for that offense, Green paid only $1,100 of the $37,000 in restitution that she owed. In light of all that, the court determined that a 78-month sentence was appropriate.

Green has failed to meet her burden of showing that her 78-month sentence is unreasonable in light of the § 3553(a) factors and the facts of her case. See Irey, 612 F.3d at 1190 n.16. Furthermore, the 78-month sentence is well below the 120-month statutory maximum, which is an additional indication of reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008); see 18 U.S.C. § 924(a)(2).

## II.

Green also contends for the first time on appeal that the district court violated her Sixth Amendment rights by considering acquitted conduct when calculating her advisory guidelines range. We review "constitutional challenges to the application of the Sentencing Guidelines not raised in the district court for plain error." Gonzalez, 550 F.3d at 1324. We may not correct the alleged error unless it was plain and affected Green's substantial rights. See United States v. Peters, 403 F.3d 1263, 1271 (11th Cir. 2005).

We have held that "[s]entencing courts may consider both uncharged and acquitted conduct in determining the appropriate sentence," as long as the sentence imposed does not exceed the statutory maximum sentence authorized by the jury's

verdict. United States v. Hamaker, 455 F.3d 1316, 1336 (11th Cir. 2006) (citations and quotation marks omitted); see U.S.S.G. § 1B1.3. Addressing a similar issue, the Supreme Court has held that "[a] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." United States v. Watts, 519 U.S. 148, 157, 117 S.Ct. 633, 638 (1997).

The district court properly considered acquitted conduct in calculating Green's advisory guidelines range. The jury found Green not guilty on the charges of assault with a deadly weapon on a federal officer, attempt to commit murder of a federal officer, and discharging a firearm in relation to a crime of violence. A preponderance of the evidence, however, supported the district court's application of the aggravated assault cross reference, the related five-level increase for discharge of a firearm, and the official victim adjustment. The district court noted that, based on the trial testimony, Green "fired [her] weapon at individuals who identified themselves as law enforcement officers," and did so "in a way that could [have] seriously injure[d] another individual and almost did." Additionally, Green's 78-month sentence did not exceed the 120-month maximum sentence authorized by the jury's verdict. Green has failed to establish error, much less plain error.

**AFFIRMED.**

5